TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00274-CR







In re Adam Biegel







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 990020, HONORABLE BOB PERKINS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Adam Biegel appeals the district court's order denying his pro se motion for post-conviction forensic DNA testing. See Tex. Code Crim. Proc. Ann. art. 64.01 (West Supp. 2007). 
We will affirm the order.

Biegel is serving the life sentence imposed following his conviction for capital
murder. That conviction was affirmed by this Court. See Biegel v. State, No. 03-99-00816-CR, 2001 Tex. App. LEXIS 5950 (Tex. App.--Austin Aug. 30, 2001, pet. ref'd) (not designated for
publication). The evidence showed that Biegel, his girlfriend Tammy Fox, and Fox's mother and
stepfather conspired to rob the deceased. Acting pursuant to the scheme, Fox lured the deceased to
a vacant apartment at the complex where her stepfather was a security guard. Biegel was hiding in
the apartment, armed with a hammer and knife supplied by Fox's stepfather and wearing a stocking
mask supplied by her mother. Biegel stabbed the deceased several times, inflicting injuries that
proved fatal. Biegel took the deceased's wallet, but it contained no money. DNA testing identified
the deceased's blood on clothing worn by Biegel and Fox, and on a rope bracelet worn by Biegel. 
DNA tests of the bloody knife were inconclusive.

 By his motion, Biegel sought DNA testing of the knife and stocking mask, a pair of
jeans, and tennis shoes, a backpack, and a tequila bottle found in Fox's parents' apartment. Biegel
asserted that this testing would reveal that Fox lied during her testimony and that her stepfather was
the person who stabbed the deceased. The trial court overruled the motion, finding that identity was
not an issue and that Biegel had not established by a preponderance of the evidence that he would
not have been convicted if exculpatory results had been obtained through DNA testing. See
Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(B), (2)(A) (West Supp. 2007).

Biegel's motion for DNA testing was properly overruled on procedural grounds. A
DNA testing motion must be accompanied by an affidavit containing a statement of facts in support
of the motion. Id. art. 64.01(a). Biegel did not submit an affidavit, and his testing motion, although
it contained a statement of facts, was not sworn. A DNA testing motion may request testing of
evidence that was not previously tested or that can be subjected to newer testing techniques that are
reasonably likely to produce more probative results. Id. art. 64.01(b). At least some of the items
mentioned in Biegel's motion were tested previously, and Biegel made no effort to demonstrate that
newer testing techniques are available.

We also find no merit to Biegel's pro se arguments challenging the court's findings. 
With respect to the tequila bottle, Biegel urges that fingerprints would show that Fox and the
deceased were drinking together before the murder, contrary to Fox's testimony. Whether or not this
is true, it has no relevance to the denial of DNA testing. Similarly irrelevant is appellant's assertion
that the tennis shoes and the bloody clothing do not fit him, but do fit Fox's stepfather. He does not
explain how this could be established by DNA testing. Biegel contends that further DNA testing of
the knife and testing of the stocking mask would connect these items to Fox's stepfather. If true, this
would merely confirm that the stepfather was part of the conspiracy; it would not exculpate Biegel.

For the reasons stated, we affirm the order denying Biegel's pro se motion for forensic
DNA testing.


 __________________________________________

 David Puryear, Justice

Justices Patterson, Puryear and Pemberton

Affirmed

Filed: February 8, 2008

Do Not Publish